SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SALLIE MCKOY-SHIELDS,**<br><br>  Plaintiff,<br><br>                    v.<br><br>**FIRST WASHINGTON REALTY, INC.,**<br>**and GOOD HOPE MARKET PLACE, L.P.**<br><br>  Defendants/Third-Party Plaintiffs,<br><br>                    v.<br><br>**UNITED STATES POSTAL SERVICE**<br><br>  Third-Party Defendant. | Civil Action No. 11-cv-01419 (RLW) |

## **MEMORANDUM OPINION**[1]

Before the Court is third-party defendant United States Postal Service's ("USPS") Motion to Dismiss (Docket No. 2) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Having considered the full briefing on this motion, and for the reasons set forth below, USPS' motion is GRANTED and the claims against USPS are dismissed with prejudice. Additionally, this case will be REMANDED to the Superior Court for the District of Columbia.

**I.  BACKGROUND**

On October 3, 2008, plaintiff Sallie McKoy-Shields was injured by a lowered work platform at the entrance of a United States Post Office building. (Third Party Compl. ¶3). In her Second Amended Complaint filed in the Superior Court for the District of Columbia, Plaintiff

---

[1]  This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication.

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

alleges that defendants First Washington Realty, Inc. and Good Hope Marketplace, L.P.'s, negligence was a direct and proximate cause of her injuries.  (Second Amended Compl. ¶ 7).  On June 20, 2011, defendants filed a third-party complaint denying all liability for the accident and seeking complete indemnity or contribution from USPS, alleging that USPS was solely responsible for plaintiff's injuries .  (Third Party Compl. ¶¶ 5, 6, 7, 10, 14).  Subsequently, USPS removed the action to this Court pursuant to 28 U.S.C § 1442(a)(1).  (Docket No. 1).

## II. STANDARD OF REVIEW

USPS has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  *See Beethoven.com LLC v. Librarian of Congress*, 394 F.3d 939, 945 (D.C. Cir. 2005).  On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction.  *See Brady Campaign to Prevent Gun Violence v. Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004).  A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether the doctrine of derivative jurisdiction bars federal jurisdiction.  *See Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) (holding that the doctrine of derivative jurisdiction is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

## III. ANALYSIS

USPS argues that defendants' claims for indemnification and contribution should be dismissed because this Court lacked subject matter jurisdiction over those claims upon removal from the Superior Court by virtue of the derivative jurisdiction doctrine.  "The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case

derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007) (applying derivative jurisdiction doctrine to dismiss action removed under 28 U.S.C. § 1442). As the Supreme Court has explained:

> [if] the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal*, 258 U.S. at 382 (citations omitted); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981).

Although Congress has chosen to abrogate the derivative jurisdiction doctrine for removals effectuated under 28 U.S.C § 1441[2], application of the derivative jurisdiction doctrine remains valid where, like here, cases are removed under 28 U.S.C § 1442. *See Palmer*, 498 F.3d at 246 ("plain language of § 1441(f) limits the abrogation of derivative jurisdiction to removals under § 1441 and . . . the [derivative jurisdiction] doctrine is viable for removals under § 1442); *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("The

---

[2]   The relevant subsection of § 1441 abrogating derivative jurisdiction provides as follows:

> Derivative removal jurisdiction. The court to which a civil action is *removed under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C § 1441(f) (emphasis added).

jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court.").

To determine whether this Court lacks subject matter jurisdiction by virtue of the doctrine of derivative jurisdiction, the threshold determination is whether, prior to removal, the Superior Court for the District of Columbia had jurisdiction of the subject matter or of the parties. It is well settled that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Absent a waiver of sovereign immunity, the Federal Government is immune from suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The conditional sovereign immunity of the United States extends to its branches and agencies, including the USPS. *See Franchise Tax Board v. United States Postal Service*, 467 U.S. 512, 517-18 (1984) (suit against USPS requires waiver of sovereign immunity); *see also Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (same). "Congress, however, has waived the sovereign immunity of certain federal entities from the times of their inception by including in the enabling legislation provisions that they may sue and be sued." *Loeffler*, 486 U.S. at 554. Thus, USPS is entitled to sovereign immunity unless Congress waives that immunity and authorizes consent to suit.

The Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. § 101 *et seq*., provides that the Federal Tort Claims Act ("FTCA") applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); 29 U.S.C. § 2679(a). The FTCA constitutes a limited waiver of sovereign immunity with respect to certain common-law-tort claims, and provides that the district courts shall have exclusive jurisdiction over such claims.[3] Therefore, federal courts have exclusive jurisdiction over tort actions against the USPS.

---

3   Section 1346(b) provides:

Here, defendants assert claims for indemnity or contribution against the USPS by alleging in their third-party complaint that the USPS's negligence was the "sole, direct, active and proximate cause" of McKoy-Shields' injuries. (Third Party Compl. ¶ 10). Thus, it is plain that defendants' claims against the USPS sound in tort. Moreover, the FTCA has long been interpreted to cover indemnity claims. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 198 (U.S. 1983) (FTCA "permits an indemnity action against the United States in the same manner and to the same extent that the action would lie against a private individual under like circumstances.") (internal quotes omitted). Thus, under the FTCA, federal district courts have exclusive jurisdiction over defendants' claims against USPS. Therefore, because the Superior Court for the District of Columbia lacked jurisdiction over defendants' claims against the USPS, this Court acquires none upon removal, even though this Court would have had jurisdiction if the suit had originated here.[4] *Lambert Run Coal Co.*, 258 U.S. at 382.

Even if the Court construes Defendants' claims for indemnification and contribution as contractual claims—as Defendants urge the Court to do here—dismissal is still appropriate. The

---

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have *exclusive jurisdiction* of civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added).

[4]    Defendants (Third-Party Plaintiffs) do not address the issue of derivative jurisdiction in their opposition brief and do not dispute that removal under § 1442(a) is improper. Therefore, the Court may treat those arguments as conceded. *See F.D.I.C. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

Court of Federal Claims and the district courts have concurrent jurisdiction over monetary claims against the United States for less than $10,000, while the Court of Federal Claims has exclusive jurisdiction over contract claims seeking a recovery over $10,000.  28 U.S.C. § 1346(a)(2); *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004).  Thus, to the extent Defendants' claims against USPS are based in contract, jurisdiction over these claims lie in either the district court or the Court of Federal Claims—not the Superior Court.

Therefore, whether Defendants' claims against USPS are based in tort or in contract, it is clear that the Superior Court, and consequently this Court, lacked jurisdiction over these claims at the time of removal.  Accordingly, the Court will grant USPS' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## IV. CONCLUSION

For the forgoing reasons, USPS' motion to dismiss third-party plaintiffs' complaint is GRANTED.  Third-party plaintiffs' complaint is hereby dismissed with prejudice, and the remainder of this action is REMANDED to the Superior Court for the District of Columbia. SO ORDERED.[5]

Date: March 30, 2012

ROBERT L. WILKINS
United States District Judge

---

[5] An order will be issued contemporaneously with this memorandum opinion granting USPS' motion to dismiss Third-Party Plaintiffs' Complaint.